IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| INTERSTATE CORPORATION, INTERSTATE BUILDING MAINTENANCE CORPORATION, and INTERSTATE MAINTENANCE CORPORATION,<br><br>    Plaintiffs,<br><br>v.<br><br>ENVIRO USA, INC., ENVIRO USA, BUILDING SERVICES LLC, and MAGIC MAIDS JANITORIAL SERVICES LLC,<br><br>    Defendants. | No. 2:23-cv-02625-SHL-atc |

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE PLAINTIFFS' SECOND AMENDED COMPLAINT, DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, PLAINTIFFS' MOTION TO STRIKE, AND PLAINTIFFS' MOTION FOR DISCOVERY, AND DENYING DEFENDANTS' MOTION TO STAY DISCOVERY AND DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY**

    Before the Court are Plaintiffs Interstate Corporation, Interstate Building Maintenance Corporation, and Interstate Maintenance Corporation's ("Plaintiffs") Motion and Supporting Memorandum for Leave to File Plaintiffs' Second Amended Complaint (ECF No. 55), filed on November 27, 2023, and Defendants Enviro USA, Inc., Enviro USA Building Services LLC, and Magic Maids Janitorial Services, LLC's ("Defendants") Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF No. 64), filed December 18, 2023. For the following reasons, the motion for leave to amend is **GRANTED**.

    Because the motion is granted, Defendants' Renewed Motion to Dismiss the Amended Complaint with Prejudice (ECF No. 30), Plaintiffs' Motion and Supporting Memorandum to Strike (ECF No. 53), and Plaintiffs' motion for discovery (ECF No. 54), are **DENIED AS**

**MOOT**.  Lastly, Defendants' Motion to Stay Discovery (ECF No. 42), and Defendants' motion for leave to file a reply to the second response[1] (ECF No. 67), are **DENIED**.

## BACKGROUND

This janitorial contract litigation began with Plaintiffs' complaint, filed in Pennsylvania state court on June 21, 2023.  (ECF No. 1 at PageID 7, 16.)  Defendants, after accepting service on July 11 (id. at PageID 23, 25), removed the matter to federal court in the Eastern District of Pennsylvania on July 20.  (Id. at PageID 1.)  Plaintiffs, in reaction to Defendants' removal and as of right under Federal Rule of Civil Procedure 15(a)(1), then amended their complaint without needing leave of court on August 10.  (ECF No. 6.)

At Defendants' request, the case was transferred to the Western District of Tennessee on October 3.  (ECF No. 19.)  Numerous motions have been filed since then, including Plaintiffs' Motion and Supporting Memorandum for Leave to File Plaintiffs' Second Amended Complaint.  (ECF No. 55.)  Defendants oppose the motion to amend.  (ECF No. 64.)

## STANDARD

Leave to amend is generally "freely given when justice so requires."  Morse v. McWhorter, 290 F.3d 795, 799–800 (6th Cir. 2002) (quoting Fed. R. Civ. P. 15(a)).  Denial may nonetheless be appropriate where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

---

[1] The Scheduling Order outlined that "[n]either party may file an additional reply [or additional response] to any motion . . . without leave of the court."  (ECF No. 50 at PageID 101.)  If a party is convinced that an additional filing is essential, then "it shall file a motion . . . setting forth the reasons why a reply [or additional response] is required."  (Id.)  Instead of asking for permission to file a supplemental response, Plaintiffs hoped for forgiveness and filed it without seeking leave of court.  Because Plaintiffs did not follow the proper procedure and because they already had an opportunity to file a response, the Court will ignore Plaintiffs' unwarranted second response to Defendants' motion to stay discovery (ECF No. 66).

2

prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Id. at 800 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "Ordinarily, delay alone does not justify denial of leave to amend." Id. (quoting Sec. Ins. Co. v. Kevin Tucker & Assocs., Inc., 64 F.3d 1001, 1009 (6th Cir. 1995)). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." Phelps v. McClellan, 30 F.3d 658, 662–63 (6th Cir. 1994).

## ANALYSIS

Defendants initiated removal. (ECF No. 1 at PageID 7, 16.) Plaintiffs then amended their complaint in the Eastern District of Pennsylvania. (ECF No. 6.) Importantly, leave of court was not needed or sought for the first amended complaint because it was available as a matter of course. Defendants then initiated transfer. (ECF Nos. 12, 19.) Because of the venue change, Plaintiffs retained new Tennessee counsel. (ECF Nos. 33, 36.)

Plaintiffs, with their new counsel in tow, aver that they have "obtained new information which, at a minimum: further addresses the various claims of alleged deficiency claimed by the Defendants; directly contradicts and calls into further dispute Defendants' reliance upon the purported 'ICA' and . . . additional claims/causes of action against the Defendants." (ECF No. 55 at PageID 146.) And, "Plaintiffs have only just learned of additional responsible parties, facts, and claims . . . including but not limited to claims under Tennessee law for, inter alia, promissory fraud, economic coercion, intentional interference with business relationships, civil conspiracy, [and] violations of the Tennessee Revised Limited Liability Company Act." (Id.) Those new claims allegedly "would not have been available in their current proposed form when

3

the Plaintiffs' original or First Amended Complaint was filed pursuant to the jurisdiction and laws of the State of Pennsylvania." (Id.)  There is also a desire to "respond to Defendants' implied request for a more definite statement of Plaintiffs' allegations/claims, and to add appropriate additional defendants, causes of action and an increased ad damnum in this matter in light of the Defendants' assertion that the substantive law of this State should apply to Plaintiffs' claims in this case."  (Id. at PageID 147.)

Defendants argue that the motion to amend should be denied because: (1) Plaintiffs failed to meet the standard to amend under Federal Rule of Civil Procedure 15; and (2) the proposed amendment is futile.  (ECF No. 64.)  To fall short under the relatively liberal standards of Rule 15, there would need to be either undue delay, a repeated failure to correct deficiencies "by amendments previously allowed," prejudice to the Defendants, or futility in amending the complaint.  See Foman v. Davis, 371 U.S. 178, 182 (1962)).

To begin, Plaintiffs exercised due diligence and were timely in seeking leave to amend again.  The motion to amend was filed well before the scheduling order's deadline to amend the pleadings (ECF No. 50 at PageID 99), and within a month of new Tennessee counsel appearing and becoming grounded in the facts at hand (see ECF Nos. 33, 36 & 55).  Moreover, this motion marks the first amendment requested from any court because the prior amendment was made as a matter of course in another federal district.  Therefore, there has not been a repeated failure to cure amendments because no amendments have been "previously allowed" to this point; they, instead, have occurred organically as of right.  Thus, this first Court-approved amended complaint is not done in "'bad faith or [as a] dilatory move on the part of the movant.'"  See Leary v. Daeschner, 349 F.3d 888, 905 (6th Cir. 2003) (quoting Foman, 371 U.S. at 182).

Defendants raise potential futility issues with some of the new claims, including the status of dissolved LLCs, potential non-liability for individual defendants, and the supposed controlling nature of the written contract's integration clause. (ECF No. 64 at PageID 452–55.) Some of their concerns may (or may not) have merit at the next stage of the proceedings, but the new claims survive the low futility bar for an amended complaint. Thus, at this stage, the new claims do not appear to be futile. See Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."). And, lastly, while Defendants are slightly prejudiced by allowing an amended complaint, the other factors outweigh any prejudice.

For all of these reasons, the motion to amend is **GRANTED**. Plaintiffs are **DIRECTED** to file their amended complaint separately on the docket within **five days** of entry of this Order.

Because this motion is granted, Defendants' Renewed Motion to Dismiss the Amended Complaint with Prejudice (ECF No. 30), Plaintiffs' Motion and Supporting Memorandum to Strike (ECF No. 53), and Plaintiffs' motion for discovery (ECF No. 54), are **DENIED AS MOOT**.

Lastly, absent extraordinary circumstances, this Court rarely grants motions to stay discovery. Those extraordinary circumstances are not present here, and thus Defendants' Motion to Stay Discovery (ECF No. 42), and Defendants' motion for leave to file a reply to the supplemental response (ECF No. 67), are **DENIED**.

**IT IS SO ORDERED**, this 9th day of April, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE