IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| INTERSTATE CORPORATION, INTERSTATE BUILDING MAINTENANCE CORPORATION, and INTERSTATE MAINTENANCE CORPORATION,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ENVIRO USA, INC., et al.,<br><br>　　　　Defendants. | No. 2:23-cv-02625-SHL-atc |

**ORDER DENYING WITHOUT PREJUDICE MOTION TO QUASH SUBPOENA**

　　Before the Court is Plaintiffs Interstate Corporation, Interstate Building Maintenance Corporation, and Interstate Maintenance Corporation's ("Plaintiffs") Motion and Supporting Memorandum to Quash Defendants' Subpoena Duces Tecum to Safety Building Cleaning Corp. d/b/a Safety Facility Services (ECF No. 72), filed on March 14, 2024.  Defendants Enviro USA, Inc., Enviro USA Building Services LLC, and Magic Maids Janitorial Services, LLC's ("Defendants") filed their response on March 22, 2024.  (ECF No. 79.)  For the following reasons, the motion to quash subpoena is **DENIED WITHOUT PREJUDICE**.

　　Whether a subpoena should be quashed or modified is "committed to the sound discretion of the trial court . . . ."  <u>AFT Mich. v. Project Veritas</u>, No. 2:17-cv-13292, 2022 WL 779784, at *4 (E.D. Mich. Mar. 14, 2022) (citing <u>Gandhi v. Police Dep't of Detroit</u>, 747 F.2d 338, 354 (6th Cir. 1984)).  While subpoenas "must issue from the court where the action is pending," Fed. R. Civ. P. 45(a)(2), the place of compliance for the production of documents is "a place within 100 miles of where the person [or company] resides, is employed, or regularly transacts business in person," Fed. R. Civ. P. 45(c)(2)(A).

Motions to quash a subpoena must be brought "in the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3).  This language represents a change brought about by the 2013 amendments to the Federal Rules of Civil Procedure: "The previous version of Rule 45 provided that the 'issuing court' possesses jurisdiction to quash or modify subpoenas . . . whereas the current version of the Rules provides that 'the court for the district where compliance is required' has jurisdiction to quash or modify subpoenas." Agincourt Gaming, LLC v. Zynga, Inc., No. 2:14–cv–0708, 2014 WL 4079555, at *3 (D. Nev. Aug 15, 2014) (internal citations omitted).

The vast majority of courts interpret "the district where compliance is required" to be "the place of compliance named in the subpoena." See Pizanna v. Basic Rsch., LLC, No. 1:18-cv-00644, 2022 WL 1693317, at *2 (E.D. Cal. May 26, 2022).  District courts in Tennessee have similarly found Rule 45's district of compliance language to mean the federal district that has jurisdiction over the place of compliance listed on the subpoena (which must be within one hundred miles of where the subpoenaed company is headquartered or regularly transacts business in person).  See Fitzgerald Truck Parts & Sales, LLC v. United States, No. 2:20-cv-00026, 2023 WL 1974720, at *2 (M.D. Tenn. Feb. 13, 2023) (reasoning that an issuing court, or where an action is currently pending, is not the proper venue for a motion to quash when that court's location does not fall within the geographic bounds contemplated by the district of compliance language in Rule 45).  This Court will therefore follow the majority approach.

Defendants issued a subpoena to produce documents, information, or objects to Safety Building Cleaning Corp. d/b/a Safety Facility Services ("Safety Facility"). (ECF No. 72-1 at PageID 533.)  This company, which appears to be based in New York, New York, was asked to comply with the subpoena at the Sulzer Law Group, P.C.'s office in Poughkeepsie, New York.

(Id.)  Therefore, if New York is the place where compliance is required for Safety Facility, then any motion practice regarding this specific subpoena must be brought in an appropriate forum in New York.  The motion to quash is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 12th day of April, 2024.

                                                s/ Sheryl H. Lipman  
                                                SHERYL H. LIPMAN  
                                                CHIEF UNITED STATES DISTRICT JUDGE